# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS SNOW, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 03-008-P |
| ERIC FRANKLIN, Warden, | ) |
| Respondent. | ) |

## ORDER

Petitioner, a former inmate of the Oklahoma Department of Corrections, has filed a Petition in Error [Docket #1] and a Petition for a Writ of Quo Warranto or Habeas Corpus [Docket #3], which the court construed as a habeas corpus petition pursuant to 28 U.S.C. §2241. He is challenging his transfer to a private prison, contending the transfer was unlawful and had the effect of commuting his sentences.

The record shows that petitioner previously sought relief on this claim in the Osage County District Court which found his claim "ludicrous." *Snow v. Workman*, No. CV-2002-504 (Osage County Dist. Ct. Nov. 6, 2002). The Oklahoma Court of Criminal Appeals also denied relief, finding that petitioner "failed to establish his confinement is unlawful or that he is entitled to immediate release." *Snow v. State*, No. HC-2002-1399 (Okla. Crim. App. Dec. 6, 2002).

The respondent alleges petitioner's claim is time-barred by the one-year limitations period imposed by 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Here, the court finds petitioner's claim arose on September 16, 2001, when he was transferred to a private prison facility. *See* Docket #3 at 1. His deadline for filing a habeas corpus petition, therefore, was September 16, 2002. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003). He did not, however, initiate a challenge to the transfer until November 5, 2002. *Snow*, No. CV-2002-504, slip op. at 1. Therefore, this habeas petition, filed on January 3, 2003, was untimely. 28 U.S.C. § 2244(d).

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus is DENIED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 3rd day of March 2006.

James H. Payne
United States District Judge
Eastern District of Oklahoma

2